IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT TUDOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:23-CV-0344-D |
| VS. | § | |
| | § | |
| ALEJANDRO N. MAYORKAS, | § | |
| SECRETARY, U.S. DEPARTMENT OF | § | |
| HOMELAND SECURITY, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Robert Tudor ("Tudor") brings this action against defendant Alejandro N. Mayorkas ("Secretary Mayorkas"), Secretary of the U.S. Department of Homeland Security ("DHS"), alleging disability discrimination claims under § 501 of the Rehabilitation Act of 1973 ("Rehabilitation Act"). Secretary Mayorkas moves under Fed. R. Civ. P. 12(c) for judgment on the pleadings, contending that Tudor failed to exhaust his administrative remedies, which required that he meet with an Equal Employment Opportunity ("EEO") counselor within 45 days, or, alternatively, required that he file a formal complaint within 15 days after notice of his right to do so. Concluding that Tudor failed on both grounds to exhaust his administrative remedies, the court grants the motion and dismisses Tudor's action without prejudice.

I

According to Tudor's complaint, he was employed as a Customs and Border Protection Officer at Dallas-Fort Worth International Airport ("DFW Airport") when the federal government instituted a mask mandate in response to COVID-19. Because the mask caused him respiratory distress, Tudor requested on July 16, 2021 that he be reassigned to a position outside of DFW Airport where the mask mandate did not apply. Tudor was reassigned to an outdoor cargo facility on July 23, 2021, after he provided his supervisor a doctor note supporting his claim that the mask caused him respiratory distress. But unlike his prior assignment, Tudor's new position did not afford the opportunity to work overtime. Tudor requested a "reasonable accommodation" to the mask mandate so that he would be eligible to work overtime, which was only available to employees working inside DFW Airport.

On September 22, 2021 another supervisor asked Tudor to provide a medical note supporting his request for "light duty." Tudor denied that he was requesting "light duty"; he understood the supervisor's inquiry as management's refusal to acknowledge his medical condition.

Tudor contacted an EEO counselor on October 8, 2021 regarding investigating his claims of disability discrimination. He met with the EEO counselor a final time on December 23, 2021, when he was informed that EEO counseling had concluded and that he had a right to file a formal complaint within 15 days. Tudor filed a formal complaint, but it was dismissed on the ground that Tudor had failed to file the complaint within the regulatory

- 2 -

time limit.  Tudor then filed this lawsuit, alleging that he was discriminated against because, despite his disability, he was denied a reasonable accommodation concerning the mask mandate.  Secretary Mayorkas now moves under Rule 12(c) for judgment on the pleadings, contending that Tudor failed to exhaust his administrative remedies.  The court is deciding the motion on the briefs, without oral argument.

## II

### A

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Rule 12(c).  The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion to dismiss under Rule 12(b)(6).  *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002).

### B

Before a federal employee can bring a cause of action under the Rehabilitation Act in federal court, he must exhaust administrative remedies.  *See Hampton v. IRS*, 913 F.2d 180, 182 (5th Cir. 1990) (per curiam); *Prewitt v. U.S. Postal Serv.*, 662 F.2d 292, 304 (5th Cir. Unit A Nov. 1981).  The Equal Employment Opportunity Commission ("EEOC") has promulgated regulations that require, among other things, that a federal employee initiate contact with an EEO counselor within 45 days of the alleged discriminatory act.  *See* 29 C.F.R. § 1614.105(a)(1).  The regulation requires extension of the 45-day period when the employee "did not know and reasonably should not have [] known that the discriminatory

- 3 -

matter or personnel action occurred." *Id.* at § 1614.105(a)(2)). A federal employee must also file a formal complaint within 15 days of receiving notice of his right to file a discrimination complaint. *Id.* at § 1614.106(b). Administrative exhaustion is not a jurisdictional bar; instead, it functions as a statute of limitations subject to waiver or estoppel defenses. *See Davis v. Fort Bend County*, 893 F.3d 300, 306-07 (5th Cir. 2018); *Pacheco v. Rice*, 966 F.2d 904, 906 (5th Cir. 1992). Secretary Mayorkas acknowledges that failure to exhaust is a defense. *See* D. Mot. to Dis. (ECF No. 16) at 7-8.

Because exhaustion is a prerequisite to suit, the court can dismiss a federal employee's discrimination claim for failure to exhaust. *See Stroy v. Gibson*, 896 F.3d 693, 698 (5th Cir. 2018). "When a district court dismisses a claim for failure to exhaust under Rule 12(b)(6), the dismissal is without prejudice[.]" *Id.* at n.2 (citing *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.2d 464, 467 n.5 (5th Cir. 2004)). Given the similarities between Rule 12(b)(6) and Rule 12(c) motions, the court will apply this rule to Secretary Mayorkas' Rule 12(c) motion.

## C

To obtain a dismissal at the Rule 12(c) stage based on a defense, the "successful affirmative defense [must] appear[] clearly on the face of the pleadings." *Cochran v. Astrue*, 2011 WL 5604024, at *1 (N.D. Tex. Nov. 17, 2011) (Fitzwater, C.J.) (quoting *Sivertson v. Clinton*, 2011 WL 4100958, at *2 (N.D. Tex. Sept. 14, 2011) (Fitzwater, C.J.)).[1] In other

---

[1]Secretary Mayorkas acknowledges that the defense must appear on the face of the complaint.

words, Secretary Mayorkas is not entitled to dismissal under Rule 12(c) unless Tudor has "pleaded himself out of court by admitting to all of the elements of the defense." *Id.* (quoting *Sivertson*, 2011 WL 4100958, at *3).

In ruling on a Rule 12(c) motion, the court generally must look only to the pleadings, *see Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002), and exhibits attached to the pleadings, *see Waller v. Hanlon*, 922 F.3d 590, 600 (5th Cir. 2019); *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 n.4 (5th Cir. 1998). "But uncontested documents referred to in the pleadings may be considered by the Court without converting the motion to one for summary judgment, even when the documents are not physically attached to the complaint." *Great Lakes Ins., S.E. v. Gray Grp. Invs., LLC*, 550 F.Supp.3d 364, 370 (E.D. La. 2021) (citing *Great Plains Tr. Co.*, 313 F.3d at 313).

III

The court considers first Secretary Mayorkas' contention that Tudor's claims are barred because he failed to initiate contact with the EEO counselor within 45 days of the alleged discriminatory acts.

A

Tudor's complaint is based on three alleged discriminatory acts that occurred on July 16, 2021, July 23, 2021, and September 22, 2021. Tudor contends that, because the three incidents are "related" and he did not know the discriminatory nature of the prior incidents until September 22, 2021, the statute of limitations should run from September 22, 2021 and include all three alleged discriminatory acts. Tudor relies on the EEOC regulation that

requires that the 45-day period be extended when the employee "did not know and reasonably should not have [] known that the discriminatory matter or personnel action occurred," 29 C.F.R. § 1614.105(a)(2), and the fact that the EEO counselor investigated his claim and filed a report.  It is undisputed that Tudor did not initiate contact with the EEO counselor until October 8, 2021.

B

In the Fifth Circuit, "it is clearly established that 'the limitations period starts running when the plaintiff knows of the discriminatory act, not when the plaintiff perceives a discriminatory motive behind the act.'"  *Miller v. Potter*, 359 Fed. Appx. 535, 536 (5th Cir. 2010) (per curiam) (quoting *Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1217 n.2 (5th Cir. 1992)); *see also Pacheco*, 966 F.2d at 906 ("To allow plaintiffs to raise employment discrimination claims whenever they begin to suspect that their employers had illicit motives would effectively eviscerate the time limits prescribed for filing such complaints.").  Accordingly, it is not dispositive that "Tudor was not aware that the actions against him were discriminatory until he found that even after returning with a doctor's note with proof that he had a disability that limited mask usage, he was relegated to light duty and denied any opportunities for overtime." P. Resp. (ECF No. 17) at 4-5, ¶ 12.  The EEO counselor's report attached to his complaint reflects that Tudor believed he was being subjected to disability discrimination as early as July 16, 2021.  P. Compl. Ex. 1 (ECF No. 1-2) at 2.  Tudor also knew by July 23, 2021 that he had been reassigned and that his reassignment did not provide overtime opportunities.  *Id.*  Accordingly, the court dismisses Tudor's claims based on the

- 6 -

alleged discriminatory acts that occurred on July 16, 2021 and July 23, 2021 because Tudor did not timely contact an EEO counselor within 45 days of either date.  Tudor only made timely contact with an EEO counselor regarding the alleged discriminatory act that occurred on September 22, 2021.

## C

Tudor appears to assert that the July claims are not time-barred because the continuing violation doctrine applies to extend the limitations period to include all three acts.  But the continuing violation doctrine does not apply to intentional discrimination claims based on discrete acts.  *See, e.g.*, *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114-15 (2002).  Thus the continuing violation doctrine does not save Tudor's claims based on the alleged discriminatory acts that occurred on July 16, 2021 and July 23, 2021.

## D

Although Tudor does not clearly assert any equitable defenses to Secretary Mayorkas' first timeliness argument, the court will analyze the defenses to which Tudor alludes in his response brief.

Tudor maintains that the EEO counselor "considered [his] complaint a timely complaint," noting that "the EEO counselor conducted an investigation and filed a report," and, consequently, extended the 45-day period.  P. Resp. (ECF No. 17) at 5, ¶ 12.  But the Fifth Circuit has established "a bright-line rule that 'in order to waive a timeliness objection, the agency must make a specific finding that the claimant's submission was timely.'"  *Katz v. Wormuth*, 2023 WL 7001391, at *6 (5th Cir. Oct. 24, 2023) (citing *Rowe v. Sullivan*, 967

F.2d 186, 191 (5th Cir. 1992)).  Merely accepting and investigating a complaint does not automatically waive a timeliness objection.  *See Oaxaca v. Roscoe*, 641 F.2d 386, 390 (5th Cir. Unit A Apr. 1981); *Rowe*, 967 F.2d at 191.

There was no waiver here because the EEO counselor made no specific finding of timeliness during the administrative adjudicatory process.  The EEO counselor's report states that Tudor did not initiate contact within the 45-day period, and that Tudor "was aware of the 45-day requirement to report a complaint to be considered timely." P. Compl. Ex. 1 (ECF No. 1-2) at 3.

There is also no basis for equitable tolling.  The Fifth Circuit considers three grounds for equitable tolling: (1) a pending action between parties in the wrong forum; (2) the plaintiff's unawareness of the facts supporting his claim because defendant intentionally concealed them; and (3) the plaintiff was misled about his rights.  *See Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011).  "The [employee] bears the burden of presenting facts which, if true, would require a court as a matter of law to estop the defendant from asserting the statute of limitations." *McGregor v. La. St. Univ. Bd. of Supervisors*, 3 F.3d 850, 865 (5th Cir. 1993) (internal quotations and citations omitted).

Nothing in the record indicates that there was a pending action between the parties in the wrong forum or that DHS concealed facts or affirmatively misled Tudor about the reasons for his reassignment.  *See Ramirez v. City of San Antonio*, 312 F.3d 178, 184 (5th Cir. 2002) ("A court will equitably toll a limitations period only when the employer's affirmative acts mislead the employee.").  Tudor asserts that he was "not aware that the

actions against him were discriminatory until he found that even after returning with a doctor's note with proof that he had a disability that limited mask usage, he was relegated to light duty and denied any opportunities for overtime." P. Resp. (ECF No. 17) at 4-5, ¶ 12. But Tudor neither alleges that DHS acted to intentionally conceal facts or affirmatively mislead him nor pleads any facts supporting an inference of either.

The court concludes that waiver and equitable tolling are not grounds that excuse Tudor's failure to timely exhaust his administrative remedies regarding the alleged discriminatory acts that occurred on July 16, 2021 and July 23, 2021.

IV

The court next considers Secretary Mayorkas' contention that Tudor's claims are barred because he failed to file his formal complaint within 15 days of receiving notice of his right to file.

It is undisputed that Tudor had 15 days from December 23, 2021 to file his formal complaint. Tudor alleges that his formal complaint was timely because he signed and dated it on January 7, 2022, the last day he could timely file his formal complaint within the 15-day period. But the regulation requires that the formal complaint be *filed* within the 15-day period, not merely *signed and dated*. *See* 29 C.F.R. 1614.106(b).

Alternatively, Tudor maintains that the doctrine of equitable tolling applies because "extraordinary circumstances" beyond his control made it impossible to file his claims on time. Tudor alleges three possible "extraordinary circumstances," none of which is sufficient to support his claim for equitable tolling.

- 9 -

Tudor first maintains that his EEO counselor provided him a defective form and did not respond to him when he had trouble saving and printing the form.  Assuming that this allegation is true, the counselor did not commit the kind of agency error or delay that would have made it *impossible* for Tudor to file his claim on time.  Tudor could have discovered the defective form during the 15-day period and contacted the EEO counselor for support. Tudor cites DHS's report, which states that "[Tudor] and/or his representative [did] not present[] any transmittals indicating either [Tudor] or his representative attempted to submit the formal complaint before January 10, 2022."  P. App. (ECF No. 18) at 13.  So even construing the facts in Tudor's favor, the defective form is not a sufficient basis for equitable tolling.

Tudor next contends that he had difficulty finding a lawyer during the holiday season and that the dismissal letter did not clearly explain his rights regarding a formal complaint. The law is clear that "lack of knowledge of applicable filing deadlines . . . unfamiliarity with the legal process . . . lack of representation . . . [or] ignorance of legal rights" is insufficient to support a claim of equitable tolling.  *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991).  The court concludes that Tudor failed to file a formal complaint within the 15-day period and dismisses Tudor's claims regarding the alleged discriminatory acts on July 16, 2021, July 23, 2021, and September 22, 2021.

* * *

Tudor failed to initiate contact with the EEO counselor within the 45-day period for his claims of alleged discrimination on July 16, 2021 and July 23, 2021.  Tudor also failed

to file a formal complaint within the 15-day period for his claims of alleged discrimination on July 16, 2021, July 23, 2021, and September 22, 2021.  Tudor thus failed to exhaust his administrative remedies for all his claims of disability discrimination.  For these reasons, the court grants Secretary Mayorkas' motion for judgment on the pleadings and dismisses Tudor's claims without prejudice[2] by judgment filed today.

   **SO ORDERED**.

   November 14, 2023.

        SIDNEY A. FITZWATER
        SENIOR JUDGE

---

[2]*See Stroy*, 896 F.3d at 698 n.2 (dismissal for failure to exhaust is without prejudice).

- 11 -